## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOPER BRIGHT ENTERPRISES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No: 1:20-cv-00466-EGS |
| ) | |
| WILBUR L. ROSS, in his official capacity as ) | |
| Secretary of the Department of Commerce, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, Wilbur Ross, in his official capacity as Secretary of Commerce, the U.S.

Department of Commerce, the National Oceanic and Atmospheric Administration ("NOAA"),

Neil Jacobs, in his official capacity as Acting Administrator of NOAA, the National Marine

Fisheries Service ("NMFS"), and Chris Oliver, in his official capacity as the Assistant

Administrator for NOAA Fisheries, by and through their undersigned counsel, answer the

Complaint (ECF 1) as follows:

1.      The allegations in Paragraph 1 consist of Plaintiffs' characterization of their

lawsuit, to which no response is required, and purport to characterize 85 Fed. Reg. 7,414 (Feb. 7,

2020) ("Final Rule") and the New England Fishery Management Council's ("NEFMC")

Industry-Funded Omnibus Amendment ("Omnibus Amendment"), which speak for themselves

and provide the best evidence of their contents.  Any allegations contrary to their plain language,

meaning, or context are denied.

2.      The allegations in Paragraph 2 purport to characterize the Omnibus Amendment, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 purport to characterize Plaintiffs' lawsuit, to which no response is required.  To the extent a response is required, the allegations are denied.

6.      The allegations in Paragraph 6 purport to characterize Plaintiffs' lawsuit and are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

7.      The allegations in Paragraph 7 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

8.      The allegations in Paragraph 8 are conclusions of law to which no response is required, and purport to characterize 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

9.      The allegations in Paragraph 9 are conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that one or more of them reside in this judicial district.

10.     The allegations in Paragraph 10 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 11, and deny them

on that basis.  Defendants admit the allegations in the fourth sentence of Paragraph 11 that Loper Bright holds a Category A permit for the Atlantic herring fishery.  Defendants admit the allegation in the fifth sentence of Paragraph 11 that Loper Bright will be subject to the industry-funded at-sea monitoring requirement, but deny the remaining allegations in that sentence.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 12, and deny them on that basis.  Defendants admit the allegations in the fourth sentence of Paragraph 12 that H&L Axelsson holds two Category A permits for the Atlantic herring fishery.  Defendants admit the allegation in the fifth sentence of Paragraph 12 that H&L Axelsson will be subject to the industry-funded at-sea monitoring requirement set forth in the Final Rule, but deny the remaining allegations in that sentence.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 13 and deny them on that basis.  Defendants deny the allegations in the fourth and fifth sentences of Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 14 and deny them on that basis.  Defendants admit the allegations in the fourth sentence of Paragraph 14 that Scombrus One holds a Category A permit for the Atlantic herring fishery.  Defendants admit the allegation in the fifth sentence of Paragraph 14 that Scombrus One will be subject to the industry-funded at-sea monitoring requirement set forth in the Final Rule, but deny the remaining allegations in that sentence.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 15, and deny them

on that basis.  Defendants deny the allegations in the fourth and fifth sentences of Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 16, and deny them on that basis.  Defendants admit the allegations in the fourth sentence of Paragraph 16 that Lund Marr Trawlers holds a Category A permit for the Atlantic herring fishery.  Defendants admit the allegation in the fifth sentence of Paragraph 16 that Lund Marr Trawlers will be subject to the industry-funded at-sea monitoring requirement set forth in the Final Rule, but deny the remaining allegations in that sentence.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 17 and deny them on that basis.  Defendants deny the allegations in the fourth and fifth sentences of Paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in the first, second, and third sentences of Paragraph 18, and deny them on that basis.  Defendants deny the allegations in the fourth and fifth sentences of Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a response to the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 19 and deny them on that basis.  Defendants admit the allegation in the eighth sentence of Paragraph 19 that Lund's Fisheries is not a party to this case, but lacks knowledge or information sufficient to form a response to the remaining allegations in the eighth sentence of Paragraph 19 and deny them on that basis.

20.     Defendants admit the allegations in the first sentence of Paragraph 20 that Wilbur Ross is the Secretary of Commerce.  The remaining allegations in Paragraph 20 are conclusions

of law, to which no response is required.  To the extent a response is required, the allegations are denied.

21.     Defendants admit the allegation in Paragraph 21.

22.     Defendants admit the allegations in the first sentence of Paragraph 22 that Timothy C. Gallaudet is the Assistant Secretary of Commerce for Oceans and Atmosphere. Defendants deny the allegations in the second sentence of Paragraph 22 and further aver that Assistant Secretary Gallaudet is not named in the caption as one of the defendants in this case.

23.     Defendants admit the allegations in the first sentence of Paragraph 23 that NOAA is a component agency of the Department of Commerce, but the remaining allegations in the first sentence of Paragraph 23 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants admit the allegations in the second sentence of Paragraph 23.  Defendants deny the allegations in the third sentence of Paragraph 23 and aver that NMFS filed the Final Rule on behalf of NOAA and the Department of Commerce.

24.     Defendants admit the allegations in the first sentence of Paragraph 24.  The allegations in the second sentence of Paragraph 24 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

25.     Defendants admit the allegations in Paragraph 25 that NMFS is a sub-component of the Department of Commerce and that NMFS has sub-delegated responsibility from the NOAA Administrator to manage domestic fisheries, but deny the remaining allegations in Paragraph 25.

26.     The allegations in Paragraph 26 are conclusions of law to which no response is required, and purport to characterize the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), which speaks for itself and provides the best evidence of its

contents.  Any allegations contrary to its plain language, meaning, or context are denied.

27.     The allegations in Paragraph 27 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

28.     Defendants admit the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

30.     The allegations in Paragraph 30 and sub-paragraphs (a) through (d) are conclusions of law to which no response is required, and purport to characterize the MSA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

31.     The allegations in Paragraph 31 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

32.     The allegations in Paragraph 32 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

33.     The allegations in Paragraph 33 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best

evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

34.     The allegations in Paragraph 34 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

35.     The allegations in paragraph 35 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

36.     The allegations in Paragraph 36 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

37.     The allegations in Paragraph 37 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

38.     The allegations in Paragraph 38 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

39.     The allegations in Paragraph 39 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

40.     The allegations in Paragraph 40 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

41.     The allegations in Paragraph 41 and footnote 1 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

42.     The allegations in Paragraph 42 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

43.     The allegations in Paragraph 43 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

44.     The allegations in Paragraph 44 purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

45.     The allegations in Paragraph 45 are conclusions of law to which no response is required, and purport to characterize the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

46.     The allegations in Paragraph 46 are conclusions of law to which no response is required, and purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning or context are denied.

47.     The allegations in Paragraph 47 are conclusions of law to which no response is required and purport to characterize the Regulatory Flexibility Act ("RFA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning or context are denied.

48.     The allegations in Paragraph 48 are conclusions of law to which no response is required and purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning or context are denied.

49.     The allegations in Paragraph 49 are conclusions of law to which no response is required and purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning or context are denied.

50.     The allegations in Paragraph 50 are conclusions of law to which no response is required, and purport to characterize the Anti-Deficiency Act ("ADA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

51.     The allegations in Paragraph 51 purport to characterize the Miscellaneous Receipts Act ("MRA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

52.     The allegations in Paragraph 52 are conclusions of law to which no response is required, and purport to characterize the MRA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

53.     The allegations in Paragraph 53 are conclusions of law to which no response is required, and purport to characterize the Independent Offices Appropriations Act ("IOAA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

54.     The allegations in Paragraph 54 are conclusions of law to which no response is required, and purport to characterize the IOAA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

55.     The allegations in Paragraph 55 are conclusions of law to which no response is required, and purport to characterize the IOAA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

56.     Defendants admit the allegations in the first sentence of Paragraph 56.  The allegations in the second sentence of Paragraph 56 are vague and ambiguous and are denied on that basis.

57.     Defendants admit the allegations in Paragraph 57.

58.     Defendants admit the allegations in Paragraph 58.

59.     The allegations in the first sentence of Paragraph 59 are vague and ambiguous and are denied on that basis.  The allegations in the second sentence of Paragraph 59 purport to

characterize the Northeast Fisheries Science Center's Atlantic Herring Operational Assessment Report (Aug. 2015), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied. Defendants further aver that the Northeast Fisheries Science Center's most recent stock assessment was prepared in 2018. The allegations in the third sentence of Paragraph 59 purport to characterize the Northeast Fisheries Science Center's 65th Northeast Regional Stock Assessment Workshop Assessment Summary Report (2018), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

60.     The allegations in Paragraph 60 purport to characterize the Final Atlantic Herring Fishery Management Plan (Mar. 8, 1999), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

61.     Defendants admit the allegations in the first sentence of Paragraph 61. The allegations in the second sentence of Paragraph 61 purport to characterize amendments to the Atlantic herring FMP and framework adjustments, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. The allegations in footnote 2 purport to characterize 84 Fed. Reg. 54,094 (Oct. 9, 2019), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

62.     The allegations in the first sentence of Paragraph 62 purport to characterize, without citation or attribution, final rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied. Defendants admit the allegations in the second sentence of Paragraph 62 that a three-year specification rule was approved in 2016, but deny the remaining allegations in the second

sentence of Paragraph 62.  The allegations in the third sentence of Paragraph 62 purport to characterize 85 Fed. Reg. 4,932 (Jan. 28, 2020), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

63.     The allegations in Paragraph 63 purport to characterize 50 C.F.R. § 648.200(f), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

64.     The allegations in the first sentence of Paragraph 64 purport to characterize 50 C.F.R. § 648.200(e), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied. The allegations in the second sentence of Paragraph 64 purport to characterize 84 Fed. Reg. 2,760 (Feb. 8, 2019), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

65.     Defendants admit the allegations in the first sentence of Paragraph 65. The allegations in the second and third sentences of Paragraph 65 are vague and ambiguous and are denied on that basis.

66.     The allegations in Paragraph 66 purport to characterize the Atlantic herring FMP, 50 C.F.R. §§ 648.202, 648.203, 648.204, and 648.205, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

67.     The allegations in Paragraph 67 purport to characterize 50 C.F.R. §§ 648.4 and 648.204, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

68.     Defendants admit the allegations in the first sentence of Paragraph 68 that vessels holding Category A permits can fish in any of the Atlantic herring management areas, but aver that midwater trawlers are restricted seasonally in Management Area 1A, and deny the remaining allegations in the first sentence of Paragraph 68.  Defendants admit the allegations in the second and third sentences of Paragraph 68.

69.     Defendants admit the allegations in the first sentence of Paragraph 69 that mackerel-permitted vessels are authorized to fish for herring if permitted to do so, subject to permit restrictions.  The remaining allegations in the first sentence of Paragraph 69 are denied. Defendants admit the allegation in the second sentence of Paragraph 69 that mackerel is managed under its own fishery management plan, but deny the remaining allegations in the second sentence of Paragraph 69.

70.     The allegations in Paragraph 70 are vague and ambiguous and are denied on that basis.

71.     Defendants admit the allegations in the first, second, fourth, and fifth sentences of Paragraph 71.  The allegations in the third sentence of Paragraph 71, including the use of the terms "near the shore and offshore," are vague and ambiguous and are denied on that basis.

72.     The allegations in the first sentence of Paragraph 72 are vague and ambiguous and are denied on that basis.  Defendants admit the allegations in the second sentence of Paragraph 72 that there were fourteen permitted vessels that used midwater trawl gear in the Atlantic herring fishery in 2016, but deny the remaining allegations in the second sentence of Paragraph 72.

73.     The allegations in Paragraph 73 purport to characterize, without citation or attribution, "data" which speaks for itself and provides the best evidence of its contents.  Any

allegations contrary to its plain language, meaning or context are denied.  Defendants further aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 regarding the percentage of "total landings," and deny them on that basis.

74.    The allegations in Paragraph 74 purport to characterize, without citation or attribution, documents that speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

75.    The allegations in Paragraph 75 purport to characterize the Omnibus Amendment, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

76.    The allegations in Paragraph 76 purport to characterize the Omnibus Amendment, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

77.    The allegations in the first sentence of Paragraph 77 purport to characterize the Omnibus Amendment, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the second sentence of Paragraph 77 purport to characterize 81 Fed. Reg. 64,426 (Sept. 20, 2016), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  The allegations in the third sentence of Paragraph 77 purport to characterize, without citation or attribution, documents reflecting "[t]he response" to 81 Fed. Reg. 64,246 (Sept. 20, 2016), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, or context are denied.

78.     The allegations in the first sentence of Paragraph 78 purport to characterize, without citation or attribution, documents reflecting the "expressed concern[s]" of "[i]ndustry stakeholders" regarding industry-funded monitoring, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of Paragraph 78 purport to characterize a public comment submitted by Lund's Fisheries, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

79.     The allegations in Paragraph 79 purport to characterize a public comment submitted by Lund's Fisheries, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

80.     The allegations in Paragraph 80 purport to characterize articles available on Cause of Action's website, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

81.     Defendants admit the allegation in Paragraph 81 that the NEFMC held a meeting in April 2017, but the remaining allegations in Paragraph 81 purport to characterize motions finalized by the NEFMC, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

82.     The allegations in Paragraph 82 purport to characterize decisions by the Mid-Atlantic Fishery Management Council ("MAFMC"), which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

83.     Defendants admit the allegation in Paragraph 83 that 83 Fed. Reg. 47,326 (Sept. 19, 2018) was published in the Federal Register, but deny the remaining allegations in Paragraph 83.

84.     The allegations in Paragraph 84 purport to characterize 83 Fed. Reg. 47,326 (Sept. 19, 2018), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

85.     The allegations in Paragraph 85 purport to characterize 83 Fed. Reg. 47,326 (Sept. 19, 2018), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

86.     The allegations in the first sentence of Paragraph 86 are vague and ambiguous and are denied on that basis.  The allegations in the second sentence of Paragraph 86 purport to characterize a public comment submitted by Lund's Fisheries, as well as the allegations in Paragraph 64 of the Complaint, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

87.     The allegations in Paragraph 87 purport to characterize a public comment submitted by Lund's Fisheries, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

88.     The allegations in the first sentence of Paragraph 88 purport to characterize proceedings held by the MAFMC at an October 2018 Meeting, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.  The allegations in the second sentence of Paragraph 88 purport to characterize proceedings described in a MAFMC council meeting summary, which speak for

themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

89.     Defendants admit the allegation in Paragraph 89 that 83 Fed. Reg. 55,665 was published in the Federal Register on Nov. 7, 2018, but the remaining allegations in Paragraph 89 purport to characterize 83 Fed. Reg. 55,665 (Nov. 7, 2018), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

90.     The allegations in Paragraph 90 purport to characterize 83 Fed. Reg. 55,665 (Nov. 7, 2018), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

91.     The allegations in Paragraph 91 purport to characterize articles on Cause of Action's website, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

92.     The allegations in Paragraph 92 purport to characterize a December 18, 2018 letter from the Regional Administrator for NOAA's Greater Atlantic Regional Office to the NEFMC, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

93.     The allegations in Paragraph 93 purport to characterize a December 18, 2018 letter from the Regional Administrator for NOAA's Greater Atlantic Regional Office to the NEFMC, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

94.     Defendants deny the allegations in the first sentence of Paragraph 94.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the

second sentence of Paragraph 94 and deny them on that basis.

95.     Defendants deny the allegations in Paragraph 95.

96.     The allegations in the first sentence of Paragraph 96 purport to characterize an August 8, 2019 letter from Secretary Ross to Ryan P. Mulvey, counsel of record for Plaintiffs, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.  Defendants deny the allegations in the second sentence of Paragraph 96.

97.     The allegations in Paragraph 97 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

98.     The allegations in Paragraph 98 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

99.     The allegations in Paragraph 99 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

100.     The allegations in Paragraph 100 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

101.     The allegations in Paragraph 101 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

102.     The allegations in Paragraph 102 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

103.     The allegations in Paragraph 103 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

104.     The allegations in Paragraph 104 regarding "Defendants' cost predictions" purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied. Defendants deny the remaining allegations in Paragraph 104.

**Claim One**

105.     Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 104 above.

106.     The allegations in Paragraph 106 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

107.     The allegations in Paragraph 107 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

108.     Defendants admit the allegations in the first sentence of Paragraph 108.  The allegations in the second sentence of Paragraph 108 are conclusions of law to which no response

19

is required, and purport to characterize the APA and the MSA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

109.    The allegations in Paragraph 109 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

110.    The allegations in Paragraph 110 are conclusions of law to which no response is required, and purport to characterize the APA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

111.    The allegations in Paragraph 111 and sub-paragraphs (a) through (d) are conclusions of law to which no response is required, and purport to characterize the MSA, the U.S. Constitution, the ADA, the MRA, and the IOAA, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

112.    The allegations in Paragraph 112 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

113.    The allegations in Paragraph 113 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

**Claim Two**

114.    Defendants incorporate by reference each and every response to the allegations in the paragraphs numbered 1 through 113 above.

115.    The allegations in Paragraph 115 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best

20

evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

116.     The allegations in Paragraph 116 are conclusions of law to which no response is required, and purport to characterize the MSA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language, meaning, or context are denied.

117.     The allegations in Paragraph 117 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

118.     The allegations in Paragraph 118 and sub-paragraphs (a) through (d) are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

119.     The allegations in Paragraph 119 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

120.     The allegations in Paragraph 120 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

121.     The allegations in Paragraph 121 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

122.     The allegations in Paragraph 122 are conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

### RESPONSE TO REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Request for Relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are

entitled to any of the relief requested in Prayer for Relief, including subparagraphs (a)-(e), or to any relief whatsoever.

<h3 style="text-align:center">GENERAL DENIAL</h3>

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified or denied herein.

<h3 style="text-align:center">AFFIRMATIVE DEFENSES</h3>

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs lack standing as to some or all of their claims.

3.      Some or all of the Plaintiffs' claims are barred by the doctrines of ripeness, laches, or failure to exhaust administrative remedies.

4.      Defendants reserve their right to assert additional affirmative defenses during the course of this litigation.

Dated: April 9, 2020                    Respectfully submitted,

                                        JEAN E. WILLIAMS, Deputy Assistant Attorney General
                                        SETH M. BARSKY, Chief
                                        MEREDITH L. FLAX, Assistant Chief

                                        /s/ Alison C. Finnegan
                                        Alison C. Finnegan, Senior Trial Attorney
                                        (Pennsylvania Bar No. 88519)
                                        U.S. Department of Justice
                                        Environment and Natural Resources Division
                                        Wildlife and Marine Resources Section
                                        Ben Franklin Station, P.O. Box 7611
                                        Washington, D.C. 20044-7611
                                        Tel: (202) 305-0500;  Fax: (202) 305-0275
                                        alison.c.finnegan@usdoj.gov

                                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2020, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Alison C. Finnegan