IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LOPER BRIGHT ENTERPRISES, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., in his official capacity as<br>Secretary of the U.S. Department of Commerce, *et al.*,<br><br>    Defendants. | No. 20-cv-466 (EGS) |

## PLAINTIFFS' UNOPPOSED MOTION TO EXPEDITE

Pursuant to 16 U.S.C. § 1855(f)(4), Plaintiffs hereby move to expedite proceedings, scheduling of an oral hearing, and final disposition of this case. Consistent with Local Civil Rule 7(m), Plaintiffs have conferred with Defendants, who take no position on the sought-after relief. In support of their motion, Plaintiffs state the following:

1. The Magnuson-Stevens Act ("MSA") requires that, "[u]pon a motion by the person who files a petition under this subsection, the appropriate court *shall* assign the matter for hearing at the earliest possible date and shall expedite the matter in every possible way." 16 U.S.C. § 1855(f)(4) (emphasis added); *see N.C. Fisheries Ass'n, Inc. v. Gutierrez*, 518 F. Supp. 2d 62, 69 (D.D.C. 2007) ("[R]esolution of the case was expedited at the request of the parties and in accordance with the MSA.").

2. On February 7, 2020, Defendants published the final rule implementing the New England Industry-Funded Monitoring Amendment—the regulation at issue in this case—with an effective date of March 9, 2020. Compl. ¶ 97, ECF No1.

1

3. Defendants subsequently announced, after filing of the Complaint, that they would delay implementation of industry-funded monitoring coverage until June 15, 2020. *See* NOAA Fisheries Bulletin, *Notification, Reporting, and Monitoring Requirements for the Atlantic Herring Fishery* (Mar. 31, 2020), https://bit.ly/3clNVij.

4. Once Defendants begin to enforce industry-funded coverage, Plaintiffs will be required to pay for at-sea monitors and will thus suffer economic harm. Because the MSA bars the temporary injunctive relief normally available in Administrative Procedure Act suits, *see* 16 U.S.C. § 1855(f)(1)(A) ("section 705 of [the APA] is not applicable"), Plaintiffs will be compelled to comply while prosecuting this case. That is why the expedition provision of the MSA is critical and should be followed in this case.

5. In support of a Motion to Transfer Venue filed on April 2, 2020 in the District of Rhode Island, the same Defendants and counsel from this case argued that "Congress has provided that claims arising under the Magnuson-Stevens Act should be heard promptly."[1] Mem. of Law in Supp. of Defs.' Mot. to Transfer Venue to the Dist. of Columbia at 8, *Relentless, Inc. v. U.S. Dep't of Commerce*, No. 1:20-cv-00108 (D.R.I. Apr. 2, 2020), ECF No. 10-1 (citing 16 U.S.C. § 1855(f)(3)(A)-(B)). While that brief did not directly cite the specific expedited motions paragraph, (f)(4), it did rely on paragraphs from the same overall section. *Id*. Thus, despite taking no position on this motion, Defendants have recently recognized the need for prompt review in Magnuson-Stevens Act cases.

A proposed order is attached.

---

[1] Plaintiffs believe these two cases have some distinct claims and intend to oppose any effort to consolidate them should the Rhode Island court transfer *Relentless, Inc*. to the District of Columbia.

Dated: April 21, 2020

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Eric R. Bolinder
D.C. Bar No. 1028335

CAUSE OF ACTION INSTITUTE
1310 North Courthouse Road, Suite 700
Arlington, VA 22201
Phone: (571) 444-2841
ryan.mulvey@causeofaction.org
eric.bolinder@causeofaction.org

*Counsel for Plaintiffs*