IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LOPER BRIGHT ENTERPRISES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 20-cv-0466 (EGS) |
| ) | |
| WILBUR L. ROSS, JR., in his official capacity as ) | |
| Secretary of the U.S. Department of Commerce, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' CONSENT MOTION TO DROP PLAINTIFF PARTIES**

Under Federal Rule of Civil Procedure 21, Plaintiffs hereby move the Court for an order to drop the following parties as plaintiffs for misjoinder in this action and to strike their names from the Complaint:

- CAPE TRAWLERS, INC. ("Cape Trawlers")
- GOLDEN NUGGET LLC ("Golden Nugget")
- MOUNT VERNON LLC ("Mount Vernon")
- NANCY ELIZABETH LLC ("Nancy Elizabeth")

Consistent with Local Civil Rule 7(m), Plaintiffs have conferred with Defendants, who consent to the sought-after relief. In support of their motion, Plaintiffs state the following:

1. In the Complaint, Plaintiffs alleged that Cape Trawlers, Golden Nugget, and Mount Vernon owned and operated fishing vessels holding Category B permits for the Atlantic herring fishery. Compl. ¶¶ 13, 15, 17, ECF No. 1. Plaintiffs further alleged that Nancy Elizabeth owned and operated a fishing vessel holding a Category A permit. Compl. ¶ 18.

2. The fishery regulation at issue in this lawsuit—the New England Industry-Funded Monitoring Omnibus Amendment ("Omnibus Amendment")—contains measures that apply in the

Atlantic herring fishery but only implicate vessels possessing a Category A or B permit. *See, e.g.*, Compl. ¶ 99.

3. Defendants deny that the foregoing vessels hold the stated permits. *See* Answer ¶¶ 13, 15, 17–18, ECF No. 12.

4. Plaintiffs have since confirmed that the vessels owned and operated by Cape Trawlers, Golden Nugget, and Mount Vernon possess Category C permits. The Category A permit held by F/V *Nancy Elizabeth* was transferred by Nancy Elizabeth prior to filing of the Complaint to another vessel owned and operated by a parent company.

5. In light of these developments, the parties met and conferred and agreed that the Omnibus Amendment would not impact Cape Trawlers, Golden Nugget, Mount Vernon, and Nancy Elizabeth. The parties therefore concur that these four plaintiffs currently lack standing to challenge the Omnibus Amendment, are not real-parties-in-interest, and have been misjoined.

6. Conscious of the delay that would arise from amendment of the Complaint under Rule 15, and in an effort to avoid the burden to the Court of adjudicating a potential motion to dismiss under Rule 12, Plaintiffs believe it would best serve the interests of judicial economy to drop the foregoing plaintiff parties under Rule 21 as misjoined. Striking these plaintiffs under Rule 21 also is consistent with expedited consideration of this matter, as required under 16 U.S.C. § 1855(f)(4).

A proposed order is attached.

//


//

Dated: April 21, 2020

Respectfully submitted,

<u>/s/ Ryan P. Mulvey</u>
Ryan P. Mulvey
D.C. Bar No. 1024362
Eric R. Bolinder
D.C. Bar No. 1028335

CAUSE OF ACTION INSTITUTE
1310 N. Courthouse Road, Suite 700
Arlington, VA 22201
Telephone: (571) 444-2841
ryan.mulvey@causeofaction.org
eric.bolinder@causeofaction.org

*Counsel for Plaintiffs*