IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LOPER BRIGHT ENTERPRISES, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No: 1:20-cv-00466-EGS |
| WILBUR L. ROSS, in his official capacity as Secretary of the Department of Commerce, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFFS' EXTRA-RECORD DECLARATION (ECF 22-1)**

I.    **INTRODUCTION**

In late 2018, the New England Fishery Management Council finalized an amendment

establishing standards for developing and administering future industry-funded monitoring in its

fishery management plans, and implementing industry-funded monitoring in the Atlantic herring

fishery ("the Omnibus Amendment").  The Omnibus Amendment was approved by the Secretary

of Commerce, and the National Marine Fisheries Service ("NMFS") proposed regulations to

implement it.  In this lawsuit, Plaintiffs contend that the Omnibus Amendment does not comply

with the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens

Act") and other laws.

On April 9, 2020, Defendants filed a Notice of Administrative Record and Certified List

of Administrative Record Documents, and provided Plaintiffs with copies of the documents.

ECF 13.  The parties jointly agreed on a schedule, which the Court adopted in a minute order on

April 22, 2020.  *See* ECF 14.  Plaintiffs did not identify any issues regarding the adequacy of

1

Defendants' administrative record and, pursuant to the joint scheduling order, the parties began

merits briefing on June 8, 2020, when Plaintiffs filed their motion for summary judgment. *See

id.*; *see also* ECF 18.  Defendants filed their cross-motion for summary judgment and opposition

to Plaintiffs' motion for summary judgment on July 24, 2020.  ECF 20.

On August 14, 2020, Plaintiffs filed their Reply Memorandum in Support of Their

Motion for Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary

Judgment ("Plaintiffs' Reply").  ECF 22.  Plaintiffs' Reply included a declaration signed by

Jeffrey Howard Kaelin, the Director of Sustainability and Government Relations at Lund's

Fisheries.  ECF 22-1.  Lund's Fisheries is not a plaintiff in this case but, according to the

Complaint, several of the Plaintiffs in this case own vessels that "form an important part of the

Lund's Fisheries family of businesses."  ECF 1 (Complaint ¶ 19).  Mr. Kaelin's declaration

includes information about his company's recent efforts to outfit several vessels, including three

vessels owned by three of the Plaintiffs, with vessel monitoring system ("VMS") units during the

months of January, February, and March 2020.  ECF 22-1.  Mr. Kaelin also opines on the

feasibility of operating and retrofitting the three vessels to allow them to qualify for the waiver

available under the Omnibus Amendment for vessels that catch less than 50 metric tons.  *Id.*

This case is to be decided based on the scope and standard of review provided by the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706.  Under well-settled principles of

administrative law, Mr. Kaelin's declaration is inappropriate because it constitutes extra-record

evidence that should not be considered in this case.  Accordingly, Defendants request that the

Court exclude Mr. Kaelin's declaration and any portion of Plaintiffs' Reply that relies on it,

including the text at pages 15 (paragraph 2), 16 (paragraph 2), and 34 (paragraph 2).

2

## II.    STANDARD AND SCOPE OF REVIEW

Courts review agency decisions under the Magnuson-Stevens Act and the National

Environmental Policy Act according to the APA. *See* Local Rules 7(e), 7(h)(2); Comment to

Local Rule 7(h) (function of motions for summary judgment is not "to determine whether there

is a genuine issue of material fact, but rather to test the agency action against the administrative

record"); 16 U.S.C. § 1855(f) (plaintiffs must bring Magnuson-Stevens Act challenges under

APA); ECF 14 at ¶ 4 (Joint Mot. to Set Briefing Schedule, filed Apr. 21, 2020) ("Given that this

case will likely be resolved solely on the administrative record, the parties are prepared to begin

briefing cross-motions for summary judgment.").

Under the APA, when a court is determining whether to set aside agency action, it

reviews "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The court must

evaluate the decision of the agency based on "the full administrative record that was before the

Secretary <u>at the time he made his decision</u>." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S.

402, 420 (1971) (emphasis added), *abrogated on other grounds by Califano v. Sanders*, 430 U.S.

99 (1977); *see also Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1225 (D.C. Cir.

1993) (in reviewing agency action, the district court "sits as an appellate tribunal, not as a court

authorized to determine in a trial-type proceeding whether the Secretary's [action] was factually

flawed"). The Supreme Court has repeatedly emphasized the strict limitations the APA places on

judicial review. *See Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council*, 435 U.S. 519,

549 (1978) (noting that review is limited to the administrative record); *Camp v. Pitts*, 411 U.S.

138, 142 (1973) (per curiam) ("the focal point for judicial review should be the administrative

record already in existence, not some new record made initially in the reviewing court"). Courts

in this Circuit have made clear that the administrative record "should not include materials that

were not considered by agency decisionmakers." *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (citations omitted); *see also Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) (when a court reviews an agency action, "it should have before it neither more nor less information than did the agency when it made its decision").

There are two limited circumstances under which materials that were not initially lodged as part of the record may be considered in an APA case. First, if the agency inadvertently fails to include some documents that are indeed part of the administrative record because they were considered by the relevant decisionmakers, a plaintiff must show that the agency did not properly designate the record by providing clear, concrete evidence that the proffered documents were, in fact, "considered." *Franks v. Salazar*, 751 F. Supp. 2d 62, 69 (D.D.C. 2010).

Second, in exceptional circumstances a reviewing court may consider extra-record information, *i.e.*, information that all parties agree is not part of the administrative record. *See, e.g.*, *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78-79 (D.D.C. 2010). Such extra-record materials may be considered where there has been a "'strong showing of bad faith or improper behavior' or when the record is so bare that it prevents effective judicial review." *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514-15 (D.C. Cir. 2010) (affirming district court's decision not to consider extra-record information) (citations omitted). The party that offers materials not in the administrative record bears the burden to make these showings.

III.    ARGUMENT

Consideration of extra-record information such as that contained in Mr. Kaelin's declaration is contrary to the fundamental principles of record review that govern this litigation.

The Court should exclude Mr. Kaelin's declaration and any portion of Plaintiffs' Reply that relies on it for at least two reasons.

First, Plaintiffs' back-door attempt to put Mr. Kaelin's declaration before this Court is procedurally improper.  If Plaintiffs wanted the Court to consider the information contained in Mr. Kaelin's declaration, they should have presented it to Defendants in the first instance during the agency's years-long decisionmaking process, or filed a motion to supplement or complete the record.  The overarching theme of Plaintiffs' claims in this case is that the costs associated with the industry-funded monitoring requirement are too high.  To demonstrate this point, Plaintiffs cite portions of Mr. Kaelin's declaration that discuss the costs associated with outfitting certain vessels with VMS on invoices mostly dated after the final rule to contend that these costs are less than the costs associated with paying for at-sea monitors in the herring fishery.  ECF 22-1 at ¶¶ 7-12.  But Mr. Kaelin's declaration was not presented during the decisionmaking regarding the actions that are challenged in this case and, for that reason alone, it is inappropriate for the Court to consider it.  As the D.C. Circuit held in *Boswell Memorial Hospital*, 749 F.2d at 792, information not available at the time of an agency decision cannot be introduced into the administrative record in a case contesting that decision:  "[t]o review more than the information before the Secretary at the time [the Secretary] made [the] decision risks our requiring administrators to be prescient or allowing them to take advantage of post hoc rationalizations."

Indeed, even the sole case on which Plaintiffs rely, *Oceana v. Ross*, -- F. Supp. 3d --, Case No. 17-cv-829 (CRC), 2020 WL 1905148 (D.D.C. Apr. 17, 2020), demonstrates the impropriety of Plaintiffs' effort.  In *Oceana*, the plaintiffs "move[d] to admit the extra-record declaration as 'background information needed to determine whether the agency considered all the relevant factors[.]'"  2020 WL 1905148, at *4 (emphasis added, citation omitted).  Plaintiffs

never filed any such motion in this case, choosing instead to side-step their burden of demonstrating that it is appropriate for the Court to consider extra-record evidence by simply attaching Mr. Kaelin's declaration to their reply brief with the off-hand statement that it "is offered principally for illustrative purposes." ECF 22 at 15 n.8. In order for a court to review extra-record evidence, case law within the District of Columbia Circuit clearly anticipates that the proponent will file a motion. *E.g.*, *Pac. Shores Subdivision*, 448 F. Supp. 2d at 6. Plaintiffs have failed to follow the proper procedures in presenting Mr. Kaelin's declaration for the Court's consideration, thus the Court should exclude it.

Second, Plaintiffs' effort to put Mr. Kaelin's declaration before the Court lacks any substantive merit. Even though Plaintiffs explicitly acknowledge that "the parties are limited to the administrative record," they contend that it is appropriate to "offer[]" Mr. Kaelin's declaration "for illustrative purposes." ECF 22-1 at 15 n.8. But the law does not recognize an "illustrative purposes" exception to the record review rules that govern this case. Extra-record materials may be considered only where there has been a "'strong showing of bad faith or improper behavior' or when the record is so bare that it prevents effective judicial review." *Theodore Roosevelt Conservation P'ship*, 616 F.3d at 514-15 (citations omitted); *see also Envtl. Def. Fund v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981).

Plaintiffs do not even attempt to make such a showing to justify this Court's consideration of Mr. Kaelin's declaration. Rather, they rely on Mr. Kaelin's declaration to contend that other monitoring measures in the fishery are less expensive than the industry-funded monitoring requirement at issue in this case. *See* ECF 22 at 15. Plaintiffs also rely on Mr. Kaelin's declaration to counter the adequacy of measures intended to mitigate the costs associated with the industry-funded monitoring requirement and to provide opinion testimony on

the feasibility of retrofitting certain of Plaintiffs' vessels. *See id*. at 34.[1]  These statements are

substantive attacks on the merits of the Omnibus Amendment and are improper because there is

no exception to the record review principles that allow Plaintiffs to use extra-record testimony in

this manner. *See Recent Past Pres. Network v. Latschar*, 701 F. Supp. 2d 49, 54-55 (D.D.C.

2010) (denying plaintiff's motion to augment the record because plaintiff failed to reveal

inadequacies in the record or explain how the extra-record documents would aid judicial review);

*Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (documents written after

final agency action do not satisfy any "unusual circumstances" simply because they disagree

with the agency's conclusions).

Having failed to follow the proper procedures for presenting extra-record evidence to this

Court or to demonstrate that Mr. Kaelin's declaration falls within any of the exceptions for

reviewing extra-record materials, the Court should grant this motion.

## IV.   CONCLUSION

For these reasons, the Court should grant Defendants' motion and exclude Mr. Kaelin's

declaration from its consideration of the merits in this case, as well as any portion of Plaintiffs'

Reply that relies on it, including the text at pages 15 (paragraph 2), 16 (paragraph 2), and 34

(paragraph 2).

Dated:  August 25, 2020.                                                    Respectfully submitted,

---

[1]  Mr. Kaelin's declaration states that it "would not be economically feasible" to operate the F/V Eva Marie, the F/V Enterprise, or the F/V Retriever so that they can qualify for the waiver for vessels landing 50 metric tons or less of Atlantic herring.  ECF 22-1 at ¶ 17.  Mr. Kaelin also opines that "[i]t would not be economically feasible to refit these vessels for regular prosecution of non-pelagic fish species in lieu of participating in the Atlantic herring fishery."  *Id*. ¶ 18. Even if it were appropriate for Plaintiffs to rely on Mr. Kaelin's declaration in this case (which it is not), Rule 26(a)(2) of Federal Rule of Civil Procedure sets out the requirements for expert testimony.  *See also* Fed. R. Evid. 702, 703, 705.  None of those requirements have been met in this case, which is further reason to exclude the declaration.

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

/s/ Alison C. Finnegan
Alison C. Finnegan, Senior Trial Attorney
(Pennsylvania Bar No. 88519)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
alison.c.finnegan@usdoj.gov

/s/ Kristine S. Tardiff
Kristine S. Tardiff
(New Hampshire Bar No. 10058)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Tel: (603) 230-2583; Fax: (603) 225-1577
kristine.tardiff@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2020, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Alison C. Finnegan

1