IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| LOPER BRIGHT ENTERPRISES, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Case No: 1:20-cv-00466-EGS |
| WYNN COGGINS, in her official capacity as Acting Agency Head, et al., ) | |
| Defendants. ) | |

DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

In their Notice of Supplemental Authority (ECF 31), Plaintiffs contend that another Judge in this Court's recent decision in *Burke v. Coggins*, Case No. 1:20-cv-667 (TNM), 2021 WL 638796 (D.D.C. Feb. 18, 2021), supports their argument that the New England Fishery Management Council's Industry-Funded Monitoring Omnibus Amendment ("Omnibus Amendment") and final rule to implement the Omnibus Amendment, 85 Fed. Reg. 7414 (Feb. 7, 2020), violate National Standard 7, 16 U.S.C. § 1851(a)(7). In *Burke*, fishermen challenged a final rule promulgated by the National Marine Fisheries Service ("NMFS") that would close the West Coast drift gill net swordfish fishery if a certain number of marine mammals or turtles were accidentally killed or injured ("the Hard Caps Rule"). 2021 WL 638796 at *1-2. Plaintiffs contend that "Judge McFadden entered judgment for the plaintiffs and vacated the 'hard caps' rule because it violated National Standard Seven." ECF 31 at 2. While Plaintiffs recognize that NMFS only promulgated the Hard Caps Rule to comply with another court's order, *id.*, they fail to acknowledge that the agency itself agreed that the Hard Caps Rule was invalid and should be

vacated because it conflicted with the Magnuson-Stevens Fishery Conservation and Management Act. *Burke*, 2021 WL 638796, at *1, 5. As *Burke* explained, NMFS's "determination that the Hard Caps Rule conflicts with National Standard 7—reflected in the final rule and the Government's concession that the [f]ishermen are entitled to summary judgment—should end the Court's inquiry here." *Id*. at *5. Although there are numerous reasons why *Burke* does not apply, the fact that NMFS conceded that the Hard Caps Rule was inconsistent with National Standard 7 is primary among them. In the present case, Defendants have made no such concession and have maintained throughout these proceedings that Plaintiffs' claim that the industry-funded monitoring requirement is inconsistent with National Standard 7 has no merit. *E.g.*, ECF 20-1 at 22-24 (Defendants' opening brief); ECF 26 at 12-15 (Defendants' reply brief). For this reason, among others, *Burke* is inapposite.

Dated:  February 25, 2021                                    Respectfully submitted,

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

/s/ Alison C. Finnegan
Alison C. Finnegan, Senior Trial Attorney
(Pennsylvania Bar No. 88519)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275
alison.c.finnegan@usdoj.gov

/s/ Kristine S. Tardiff
Kristine S. Tardiff
(New Hampshire Bar No. 10058)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section

              53 Pleasant Street, 4th Floor
              Concord, NH 03301
              Tel: (603) 230-2583; Fax: (603) 225-1577
              kristine.tardiff@usdoj.gov

              Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/ Alison C. Finnegan